IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 10 B 42145 |
| | ) | |
| D Jay & Indira Adusumilli, | ) | |
| Debtors | ) | Judge: Schmetterer |
| | ) | |
| | ) | |
| | ) | Chapter: 13 |

| | | |
|---|---|---|
| D Jay & Indira Adusumilli | ) | |
| Plaintiffs, | ) | |
| | ) | No. 11-01343 |
| v. | ) | |
| | ) | |
| HARRIS BANKCORP, INC | ) | |
| Defendant | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This cause coming to be heard on motion of Plaintiffs, D Jay & Indira Adusumilli, for Default Judgment pursuant to Bankruptcy Rule 7055 and F.R.C.P. Rule 55, filed against HARRIS BANKCORP, INC, due notice having been given and the Court being fully advised in the premises, it is hereby found:

Defendant HARRIS BANKCORP, INC holds a second junior mortgage on the Property , commonly known as 6325 N. Sheridan Rd., Unit 1807, Chicago, IL 60660.;

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

A. Parties:

   1.    The Plaintiffs are D. Jay & Indira Adusumilli (Plaintiffs).

   2.    The Defendnat is Harris Bankcorp, Inc. (Defendnat).

B. Factual Background and Conclusions of Law.

   1. The court finds On  November 7, 2011, the Plaintiffs filed and properly served an Notice of Motion and Motion for Default, upon Defendant, HARRIS BANKCORP, INC ("*Harris*"), holder of the junior lien on the above-mentioned property. (See Proof of Service attached as Exhibit 1.)

   2. The court further finds, pursuant to Bankruptcy Rule 7055, incorporating F.R.C.P. Rule 55, that based on Defendant *Harris's* failure to plead or

otherwise defend, the court must enter a Default Judgment against them on the
Adversary Complaint filed June 15, 2011.

3.  The court also finds as a result of this Default Judgment Order being entered,
    there is no security for the debt to attach to and therefore that the second
    junior mortgage of *Harris* and the debt and is completely unsecured for
    purposes of the above captioned Chapter 13 Case;

4.  Additionally, the court finds that the Debtors' Chapter 13 Plan in the
    underlying case 10-52010 has treated the debt and mortgage of *Harris* as
    completely unsecured.

5.  To the extent that a lein secures a claim against the debtor that is not an
    allowed secured claim, such lien is void..." 11 U.S.C.Sec. 506(d). If a
    debtor's chapter 13 case is dimissed then any lein voided under Sec 506(d) is
    reinstated 11 U.S.C. Sec 349 (b) (1)(c)  A majorty of circuits hold a wholly
    uncsecured junior mortgage is subject to strip off prusuant to 11 U.S.C. Sec.
    506(d) See Pond v. Farm Specialists Realty  252 F.rd 122 (2nd Cir 2001)

6.  The court finds upon entry of a Discharge Order in the underlying Chapter 13,
    10-52010, the second mortgage lien of *harris* shall be avoided and "stripped
    off" as a mortgage lien on the Real Property described in paragraph 1 of this
    order;

7.  Furthermore, the court also finds the balance of the claim of defendant *Harris*
    for the second mortgage will be treated as a general unsecured claim and paid
    according to the terms of the confirmed Chapter 13 Plan;

8.  The court finds that *Harris LLC* shall release it's lien by filing a release of lien
    with the Cook County Recorder of Deeds as to the Real Estate commonly
    known as 6325 N. Sheridan Rd., Unit 1807, Chicago, IL 60660, Cook County,
    upon entry of discharge with no further order of court;

9.  However, the court finds *Harris* retains its lien on any surplus proceeds from a
    potential foreclosure sale by the senior lien holder prior to the Debtors'
    completion of their Chapter 13 Plan and entry of their Chapter 13 discharge.

Dated:  11/22/11

United States Bankruptcy Judge

NOV 22 2011

Craig Bizar#6258014
Bizar & Doyle, LLC
Attorneys at Law
123 W. Madison St., #205
Chicago, IL 60602
(312) 427-3100